### No. 513
### SADOSKI v. SADOSKI
Ohio Appeals, Sixth District, Lucas County
No. 1337. Decided June 18, 1923

This opinion has not been published except in Abstract.

**INFANTS—(1) Agreement of father to support child—(2) Circumstances showing that contract not illegal where made after father was arrested for non-support.**

CHITTENDEN, J.

#### Epitomized Opinion

This was an action on a contract for support brought by the minor children of William Sadoski. William as principal and Frances as surety entered into a contract with the Toledo Humane Society to pay $15 per week for the support of the five minor children of the defendant. The defendants were in default $907. A demurrer to the petition was filed and sustained by Judge James S. Martin of Toledo Common Pleas, whereupon plaintiffs prosecuted error.

1. An agreement by a father to support his minor children is not contrary to public policy, but is in accordance with the duty imposed upon him by law of supporting the same.

2. As there was no indication that the contract

was executed to suppress criminal proceedings or that any duress was exercised, it cannot be said that the contract was illegal.

Attorneys—Morton Seeley and E. P. Buckenmeyer, for Sadoski, plaintiffs in error; F. J. Szumigala, for defendants in error.

---

### No. 514
### CHAMBERS v. KING
Ohio Appeals, Sixth District, Lucas County
No. 1315. Decided May 28, 1923

This opinion has not been published except in Abstract

**FORCIBLE DETAINER—(1) Proper proceedings where evidence insufficient to show that defendant had exercised option to purchase.**

RICHARDS, J.

#### Epitomized Opinion

An action of forcible retainer was filed by Chambers in the Municipal Court of Toledo to recover possession of a piece of real estate located in that city. The evidence disclosed that the defendant King had been occupying the premises for a considerable time as plaintiffs tenant. It also disclosed that in December, 1920, the owner executed to King a written option which was to be in full force until April 1, 1921. The defendant claimed that he was holding the property under a contract of purchase and was not a tenant. The evidence also showed that the plaintiff had applied for a loan from a loan company, but no negotiations were had between the parties nor did the owner of the property furnish an abstract of title as required by the option. Judge Samuel N. Young of the Municipal Court of Toledo rendered judgment in favor of the defendant. The plaintiff prosecuted error to the Common Pleas Court, where the judgment was affirmed. Error proceedings were then prosecuted in the Court of Appeals. In reversing the judgment of the Court of Appeals held:

1. That the evidence was wholly insufficient to show that the option which was extended by the owner to the tenant, and which was to be good until April 1, 1921, was ever exercised by the tenant and therefore the tenant continued to remain in possession as tenant and not a spurchaser.

Attorneys—Edward H. Ray, for Chambers; no counsel appeared for King.